By the Court:
One complaint of the plaintiffs in error is, that their easement in the street, appurtenant to their lot, was appropriated by the change of grade, and they should have been awarded compensation for it without deduction for any benefits resulting from the improvement. And it is another complaint of theirs, that they were denied damages for what it would cost to lower the floors of their buildings to correspond with the new grade.
While an owner undoubtedly has an easement in a public street on which his property abuts, as an appurtenance thereto, it does not entitle him to a perpetual continuation of the street at any particular grade, but his right is subject to such changes of grade,- from time to time, as the public convenience and welfare may require. Nor, does it necessarily follow that such change appropriates the easement, or invades any property right, of the abutting owner. If the change renders his buildings less covenient of access and use than they were before, there may be an appropriation pro tanto of his property right in the easement, for which he should receive compensation; or, if the change so interferes *274 with the ingress and egress to and from his buildings as to render it necessary to incur expense m making alterations in his buildings in order to make the premises as convenient of access as they formerly were, or thejr are otherwise depreciated in value, he is entitled to such damages as will cover his actual loss. But there may be changes of grade which leave the abutting property more convenient of access than before, or equally so, without any necessity for expenditure to adapt the property to the new grade, or any depreciation in its market value; and when that is the case, there is obviously no appropriation which entitles the owner to compensation, nor-injury for "which damages should be awarded. This was - the claim of the city on the trial of the action below, and it gave evidence tending to show that the convenient use of the plaintiff’s property for all the purposes to which it was adapted, was in no way affected by the change made in the grade of the street on which it abutted; that no change had been made in the plaintiff’s building, or expense in that behalf incurred, and none was necessary to adapt the property to the new grade; and, that the market value of the property was not diminished. The plaintiffs contested this claim of the city, and introduced evidence to controvert that given by the city; and the charge of the court, though open to criticism in some of its parts, on the whole, submitted the real matter of controversy to the jury, who found generally for the defendant. So that, since an inquiry into the weight of the evidence is not required, there appears to be no ground, on this branch of the case, for the reversal of the judgment
The plaintiffs in error complain of the admission of evidence offered by the city to show that their *275 property would receive special benefits from the change made in the grade of the street, in the way of improved light and ventilation afforded the basement of the building, and increased facilities for loading and unloading vehicles from, and into, the building; and also of the charge of the court permitting the jury to take such benefits into account in determining the damage to the property. These benefits, if they existed, were peculiar to the particular property, and were so incidental to, and connected with, the condition resulting to the property from the change of grade, that they necessarily entered into an inquiry and estimate of the actual damage which the property thereby sustained. If the easement was not impaired, there was no such appropriation of the plaintiff’s propt erty as entitled them to compensation without deduction for benefits; and in estimating the incidental damage to the buildings, it was proper to taken into consideration any local benefits accruing solely and directly to the property, as distinguished from general benefits resulting from the improvement made by the change of grade. In no other way could the actual damage be ascertained.
Some other questions have been argued, which it is not deemed necessary to notice. Assuming that the evidence was sufficient to support the verdict, there is no substantial error in the record requiring the reversal of the judgment. >

Judgment affirmed.